IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS E. LABRUYERE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 3:08-cv-551 GPM |
| TBF, INC, d/b/a THE FALLS RECEPTION | ) |
| AND CONFERENCE CENTER and ROYAL | ) |
| GATE DODGE CHRYSLER JEEP OF | ) |
| COLUMBIA, INC. | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This Order follows the telephonic discovery dispute conference held in this matter on July 15, 2009 (Doc. 33), during which the Court granted the Plaintiff's Motion to Quash the Subpoena of Barbara Hollis (Doc. 30). In the paragraphs below, the Court sets out the proper scope of the records subpoena.

Plaintiff Thomas LaBruyere filed this lawsuit against Defendants TBF, Inc. And Royal Gate Dodge Chrysler Jeep, alleging that he was injured in a fall that occurred on Defendant TBF's property and that the fall was caused by Defendant's negligence. In the motion to quash, Plaintiff argued that his injuries resulting from the fall were limited to his right shoulder. He contends, therefore, that the subpoena issued by Defendant TBF ordering production of all of Plaintiff's medical records from Dr. McCarthy is overbroad and should be limited to records involving only the shoulder and records post-dating the fall. At the conference, Plaintiff informed the Court that Dr. McCarthy, a general practitioner, has treated Plaintiff for a number of years, and that Dr. McCarthy maintains a large number of medical records that have nothing to do with Plaintiff's injured shoulder.

In opposition, Defendant TBF argued that Plaintiff waived any doctor-patient privilege by filing the lawsuit and raising his medical condition as an issue. Defendant TBF further argued that Fed. R. Civ. P. 26(b)(1) allows discovery of "any non-privileged matter that is relevant to any party's claim or defense." The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." At the conference, Defendant TBF argued that medical records pre-dating the alleged fall are relevant because some discovery had already been produced indicating that Plaintiff had a shoulder injury prior to the fall on TBF's property.

Federal Rule of Civil Procedure 26 contemplates expansive discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26 further states: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* This standard is broad. Nevertheless, there are limits to discovery. The Supreme Court has held that there are "ultimate and necessary boundaries" to discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In *Oppenheimer*, the Court held that "discovery of a matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 352.

Courts frequently restrict discovery based on relevance. *See Balderston v. Fairbanks Morse Engine Div. Of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003) (upholding district court's limitations on discovery based upon relevance); *Kinkead v. Southwestern Bell Telephone Co.*, 49 F.3d 454, 457 (8th Cir. 1995) (affirming district court's denial of motion to compel discovery based in part on irrelevance of documents in question). As to the Court's power to regulate discovery, the Rule states, "For good cause, the court may order discovery of any matter relevant to the subject

matter involved in the action." *Id.* The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

The Court agrees with Defendant that medical conditions other than Plaintiff's shoulder may be relevant to the cause of his fall, and certainly that any information demonstrating that Plaintiff had a prior shoulder injury is relevant. At the same time, the Court agrees with Plaintiff that he is entitled to some protection of his medical records and that Defendant should not be allowed to go on a fishing expedition for prejudicial information. The Court rejects Defendant's waiver argument.

Accordingly, Plaintiff shall produce any and all medical records from any time maintained by Dr. McCarthy pertaining to 1) an injury to or the condition of Plaintiff's right shoulder, and 2) Plaintiff's ability to ambulate. Plaintiff shall also produce all medical records, not limited by subject, from 2004 to the present. Medical records are not to include mental health records.

The parties are further encouraged to file a motion for entry of a protective order and submit to the Court a proposed protective order that limits the dissemination of Plaintiff's private medical information.

**IT IS OR ORDERED.**

**DATED: July 22, 2009**

                                                                          s/ *Donald G. Wilkerson*
                                                                          **DONALD G. WILKERSON**
                                                                          **United States Magistrate Judge**