IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS E. LABRUYERE and ANNETTE LABRUYERE, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | CIVIL NO. 08-551-GPM |
| TBF, INC., d/b/a The Falls Reception & Conference Center, and ROYAL GATE DODGE CHRYSLER JEEP, ) ) ) ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiffs Thomas Labruyere (Plaintiff) and his wife Annette Labruyere allege claims for negligence and loss of consortium, respectively, against Defendants TBF, Inc. (TBF) and Royal Gate Dodge Chrysler Jeep of Columbia, Inc. (Royal Gate) for injuries sustained by Plaintiff when he allegedly slipped and fell on an accumulation of ice in the parking lot of TBF's conference center in March 2008. The Court has jurisdiction pursuant to 28 U.S.C. § 1332; therefore, Illinois law applies to this diversity action. This matter is currently before the Court on Defendants' motions for summary judgment (Docs. 41 and 42), on which a hearing was held October 26, 2009. The facts concerning the formation of the ice on which Plaintiff allegedly slipped, and the manner in which Defendants plowed the snow in the parking lot are both material and in dispute, thus rendering summary judgment inappropriate. Accordingly, both Defendant TBF's and Defendant Royal Gate's motions (Docs. 41 and 42) are **DENIED**.

## BACKGROUND

Plaintiff is domiciled in St. Louis, Missouri. Defendant TBF owns and operates The Falls Reception and Conference Center ("The Falls") in Columbia, Illinois. Pursuant to a verbal agreement with TBF, Defendant Royal Gate cleared and salted The Falls parking lot. On March 5, 2008, Plaintiff attended a business meeting at The Falls and slipped and fell on an accumulation of ice in the parking lot.

Counts I and II of Plaintiffs' amended complaint (Doc. 16), against Defendant TBF, allege negligence and loss of consortium, respectively. Specifically, Plaintiffs allege that Defendant TBF was negligent in one or more of the following respects:

(a) Improperly plowed snow which melted and created a "black ice" condition;

(b) Failed to apply salt or other snow melting agent to eliminate a "black ice" condition;

(c) Improperly designed its premises with a sloping surface that created an unnatural accumulation of ice; and

(d) Failed to otherwise remove an unnatural accumulation of "black ice" from its premises.

In Counts V and VI, Plaintiffs allege negligence and loss of consortium, respectively, against Defendant Royal Gate. Specifically, Plaintiffs allege Defendant Royal Gate was negligent through its agents and employees in one or more of the following respects:

(a) Improperly plowed snow which melted and created a "black ice" condition;

(b) Failed to apply salt or other snow melting agent to eliminate a "black ice" condition;

(c) Failed to otherwise remove an unnatural accumulation of "black ice" from the premises.

Counts III and IV against Robert Kelly, an employee of Royal Gate, have been dismissed (Doc. 25).

Both Defendants TBF and Royal Gate seek summary judgment on Counts I and V, the

negligence claims, arguing that there is no genuine issue of material fact because Plaintiff has not put forth evidence to show that his fall and subsequent injuries were caused by an unnatural accumulation of ice. Because Plaintiff Annette Labruyere's loss of consortium claim in Counts II and IV are dependent upon the merits of her husband's negligence claims, Defendants argue that they also are entitled to summary judgment on Counts II and IV.

## DISCUSSION

The standard applied to summary judgment motions filed under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).

Under applicable Illinois law, a property owner has "no common law duty to remove *natural* accumulations of ice and snow from common areas which remain under his control, and thus cannot be found liable for injuries resulting from a *natural* accumulation of ice and snow." *Webb v. Morgan*, 531 N.E.2d 36, 39 (Ill. App. Ct. 1988) (internal citations and quotations omitted) (emphasis added). When a property owner chooses to remove ice and snow, however, he is charged with the

duty of exercising ordinary care in the accomplishment of that task. *Id.*

A duty to exercise reasonable care also extends to independent contractors, such as snow removal contractors. *See Crane v. Triangle Plaza, Inc.*, 591 N.E.2d 936, 939-40 (Ill. App. Ct. 1992) ("[T]he duty would at least extend to removing snow in a nonnegligent manner. . . . The only duty [the snow removal contractor] owed plaintiffs was the duty to perform snow removal in a nonnegligent fashion."); *Madeo v. Tri-Land Props., Inc.*, 606 N.E.2d 701, 702 (Ill. App. Ct. 1992) ("A party who contracts with a property owner to remove snow or ice also owes the customers of that property owner a duty of reasonable care."). Therefore, "[i]n order to withstand a motion for summary judgment, plaintiffs must allege sufficient facts for a trier of fact to find that defendants were responsible for an *unnatural* accumulation of water, ice or snow which caused plaintiffs' injuries." *Crane*, 591 N.E.2d at 939 (emphasis added).

The record before the Court is not clear as to the manner in which Defendants plowed the snow in The Falls parking lot, how the accumulation of ice on which Plaintiff allegedly slipped and fell was formed, and whether Defendants exercised ordinary care or failed to take other reasonable precautions. Determination of these facts are critical to Defendants' potential liability.

Defendant TBF submits in its Brief in Support of Motion for Summary Judgment (Doc. 41) that snow in The Falls parking lot was plowed on the evening of March 4, 2008, by a Royal Gate employee. Defendant further submits that Stark Grading, a company performing salting services, was contacted by Robert Kelly and on that night dropped four tons of salt on The Falls parking lot. The parking lot is mostly asphalt but also has a concrete portion. Both portions were salted and cleared by 6:15 a.m. on March 5, 2008. Plaintiff arrived at approximately 8:15 a.m. and parked adjacent to an overhang near the entrance of the building in an area that was not a designated

parking area. Plaintiff exited his vehicle, walked approximately fifteen feet toward the entrance and then fell in the concrete area of the parking lot.

Plaintiff contends that his fall was caused by a patch of ice that formed unnaturally as a result of Defendants' actions. Specifically, Plaintiff claims that the snow was pushed against the building, runoff from the pile went along a downward slope, and then refroze to form the patch of ice upon which he allegedly slipped and fell. Plaintiff argues that the formation of the ice patch is more than mere speculation because the presence of the slope allows for the reasonable inference that gravity would cause the runoff to go downwards. At the hearing, Plaintiff's counsel stated to the Court that Defendants acted negligently in failing to push the pile of snow into an adjacent gully on the other side of the building. According to Plaintiff, removing the snow into the gully could have avoided the problem of runoff and refreezing.

Both Defendants, on the other hand, contend that Plaintiff has not put forth any evidence demonstrating that the ice patch formed unnaturally and Plaintiff's negligence claim rests on mere assumptions. Defendants also dispute that the parking lot has a downward slope. With respect to Plaintiff's Exhibit 3, a photograph of the alleged snow pile near the building, TBF's President, Joseph Quevreaux IV, stated during his deposition that no pile was formed by plowing but instead it was natural snow covering the landscape (Doc. 41, Ex. B).

The Court finds that these evidentiary disparities cannot be reconciled. There is a genuine dispute as to the genesis of the snow pile, the slope of the parking lot, and whether the ice patch was formed naturally or unnaturally. Plaintiffs therefore have met their burden of proof to survive Defendants' summary judgment motions. Indeed, because cases involving natural or unnatural accumulations of ice and snow turn largely on their unique facts, rather than on the manner in which

the rule of law is stated, courts often must "consider on a case-by-case basis the issue of what is or is not an unnatural or artificial accumulation of ice and snow." *Webb*, 531 N.E.2d at 39.

Defendant Royal Gate contends that its position is akin to that of a snow removal contractor and therefore a limited duty is owed (Doc. 43, p.5). Applicable Illinois case law, as discussed above, however, does not support this claim. Royal Gate's motion therefore cannot be granted on a claim that no duty was owed. Further, in light of the evidence presented, it cannot be determined whether or not Royal Gate exercised reasonable care in plowing the snow in The Falls' parking lot and, thus, acted in a nonnegligent manner.

There also is the matter of the negligence formula that has long been recognized by the Seventh Circuit. Application of this formula is normally a factual determination appropriate for resolution by a jury. The Seventh Circuit has consistently recognized and applied Learned Hand's negligence formula from *United States v. Carroll Towing Co.*, 159 F.2d 169, 173 (2d Cir. 1947). Under this formula, the defendant is negligent if the cost or burden of precautionary measures to avoid the accident is less than the probability of the accident multiplied by the loss caused by the accident. In order words, as a general proposition, if the risk of injury exceeds the cost of preventing the injury, a defendant is negligent. *See Mesman v. Crane Pro Servs.*, 512 F.3d 352, 354 (7th Cir. 2008); *Miller v. Ill. Cent. R.R. Co.*, 474 F.3d 951, 957 (7th Cir. 2007); *Brotherhood Shipping Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 985 F.2d 323, 327 (7th Cir. 1993).

As previously noted, application of this formula to the present case is a factual matter for the jury to determine. *Miller*, 474 F.3d at 957. Specifically, it is for a jury to determine if the burden of pushing the snow elsewhere — such as into the gully rather than along the side of the building where it could foreseeably melt, refreeze and cause an accident — is exceeded by the probability

of an invitee slipping and falling multiplied by the magnitude of such an injury. If a jury finds that the probability and magnitude of injury does indeed exceed the burden of precautionary costs, Defendants may be negligent. Defendant TBF, however, notes the low incident rate among the large number of invitees in support of its claim that the probability of such an accident is low and, further, presumes that the likely magnitude of such an injury is also low. Therefore, according to Defendant, the burden of rebuilding the alleged slope or becoming absolute insurers of the safety of every invitee far exceeds the low risk of accident and low magnitude of injury that would result from a potential slip and fall incident. Again, this is ultimately a factual matter that cannot be decided on a motion for summary judgment.

## CONCLUSION

Defendants have not met their burden under Federal Rule of Civil Procedure 56. The parties have submitted conflicting testimony and competing, yet competent, evidence as to whether the Plaintiff slipped and fell on an unnatural accumulation of ice, whether Defendants exercised ordinary care in plowing the parking lot, and whether they took reasonable precautionary measures in light of the probability and magnitude of potential accidents. This creates a genuine issue of material fact on the question of Defendants' liability under Illinois law. Accordingly, Defendant TBF's and Defendant Royal Gate's motions for summary judgment are **DENIED**.

**IT IS SO ORDERED.**

DATED:  12/11/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge